**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:49 PM November 13, 2014**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SHON D. GOODMAN, | ) | CASE NO. 14-62333 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

This matter is before the court on Debtor's response to a Request for Amendment issued by the court on October 27, 2014. Debtor contends no amendment is necessary. The court took the matter under advisement without a hearing.

The court has jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## DISCUSSION

Debtor filed an individual chapter 13 petition on October 24, 2014. In the box prescribed for other names used by the debtor in the last eight years, Debtor included the

1

following: DBA SAG Construction, LLC; DBA ISG Property Management, LLC; FDBA Isaacs Deli, LLC.[1] The Request for Amendments, issued on October 27, 2014, requests an amendment to "Correct the Erroneous Inclusion of the Name of a Corporation or Partnership as a Name of an Individual (FRBP 1005)." (Req. for Amendment, ECF No. 8) Debtor contends that use of the business names as other names for Debtor is acceptable under Rule 1005.

Federal Rule of Bankruptcy Procedure 1005 states, in its entirety:

> The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the following information about the debtor: name, employer identification number, last four digits of the social-security number or individual debtor's taxpayer-identification number, any other federal taxpayer-identification number, and all other names used within eight years before filing the petition. If the petition is not filed by the debtor, it shall include all names used by the debtor which are known to the petitioners.

The accompanying Advisory Committee Notes suggest that the 'title of the case should include all names used by the debtor, such as trade names, former married names and maiden name."

In this case, the debtor is an individual. The court reads the rule and the Advisory Committee note to require the debtor to list its other names, including its former names, maiden names, pseudonyms, nicknames, and derivations used by the debtor. The court does not read the rule and note to include the names of separate legal entities as other names of an individual debtor.

An individual debtor's identity rarely will extend to include separate legal entities, such as limited liability companies and corporations. In re O'Brien, 2011 WL 6754095, * 2 (Bankr. D. Conn. 2011) ("a limited liability company, although wholly owned by a debtor, remains a separate legal entity.")[2] When a debtor includes separate legal entities as other names, there is a potential for a creditor to misconstrue the identity of the debtor. '[A]ccuracy of the caption is of substantive importance in bankruptcy cases. It is the caption which informs creditors of exactly who has commenced a bankruptcy case so that the creditor has an opportunity to determine whether they have a claim against the debtor's estate.' Grand Pier Ctr LLC v. ATC Grp. Serv., Inc., 2007 WL 2973829, * 7 (N.D. Ill. 2007) (citing In re AM Int'l, Inc., 142 B.R. 252, 256 (Bankr. N.D. Ill. 1992)).

---

1 Debtor contends that Isaacs Deli, LLC has been dissolved. This is not supported by the most recent information available from the Ohio Secretary of State's website.
2 The separate and distinct legal nature of an individual and a limited liability company may also create ethical problems for an attorney attempting to represent both. Kohut v. Lenaway (In re Lennys Copy Ctr. & More LLC), 515 B.R. 562 (Bankr. E.D. Mich. 2014).

Take, for example, a creditor who loaned a limited liability company money and obtained a personal guaranty from the principal, who has now filed bankruptcy. If the limited liability company's name is included, and the creditor receives the notice with the limited liability company listed as another name of debtor, the creditor may not understand the breadth of the automatic stay and may unnecessarily stay collection actions against the limited liability company as well as the individual debtor. In re McCormick, 381 B.R. 594, 599 (Bankr. S.D.N.Y. 2008); In re Braco, 2012 WL 1903879, *3 (Bankr. D. N.J. 2012) (stating "[i]t is axiomatic that the automatic stay … does not extend protection to the specific assets of a corporation in which an individual debtor holds an interest . . . ." (citation omitted)). Under normal circumstances, creditors of the business must look to the business, not members or shareholders, for recovery. And a limited liability company or corporation cannot be a debtor under chapter 13. 11 U.S.C. § 109(e); In re McCormick, 381 B.R. 594, 599. The cumulative effect of these demarcations between individual and business entity steer the court toward a position that maintains the distinct lines between the two.

The court acknowledges there is case law supporting Debtor's position. In re McMahon, 383 B.R. 473 (Bankr. W.D. Ark. 2008). In McMahon, husband and wife filed a joint chapter 7 petition and the debtor-husband listed several dba names, including corporations and limited liability companies. A creditor objected and asked the court strike the dba names, arguing they were separate legal entities and it was confusing as to who was actually in bankruptcy. The court denied the request, finding that a trade name "is synonymous with d/b/a." McMahon at 7. McMahon is not controlling or persuasive and the court does not agree with its adopted definition of "doing business as." Brandt v. Horseshoe Hammond, LLC (In re Equip. Acq. Res., Inc.), 2014 WL 1979366, * 8 (N.D. Ill. 2014) (distinguishing the "doing business as" pre-incorporation entity as a "fictitious name . . . used for their business as individuals.")

Debtor also references In re Friedman, 184 B.R. 890 (N.D.N.Y. 1995) but it is not clear whether the d/b/a, "Bernie's Wine and Liquor Cabinet," was a legally distinct entity. All that is known is that debtor listed that name as a d/b/a entity with a separate employer identification number. Similarly, In re Crabtree, 39 B.R. 718 (Bankr. Tenn. 1984) is also distinguishable. The creditors successfully moved to include a corporation as a doing business as name of an involuntary individual debtor. However, the wall between the corporation and the individual had been dismantled because the court stated that the corporation was the alter ego of the debtor.

Yet other cases support the court's conclusion that the names must refer to the same entity, not a distinct legal entity. In re Anderson, 159 B.R. 830 (Bankr. N.D. Ill. 1993) (name of debtor's former sole proprietorship should have been included on chapter 13 petition); In re Sleepy Giant, Inc., 120 B.R. 6 (Bankr. D. Conn. 1990) (creditor allowed to file late proof of claim because debtor failed to make clear it was the successor of Original Sleepy Giant, Inc.).

Incontestably, case law increases the murk. Harkening back to the rule, the court concludes that "other names" refer to the filing debtor. Debtor argues that he should be able to include the names of the limited liability companies because he may be personally liable for debts of the company. However, the general rule in Ohio is that members are not liable for the

debts of limited liability companies. O.R.C. § 1705.48. Consequently, the names of separate legal entities should not be included as other names of an individual debtor.

An order consistent with this opinion will be entered directly.

# # #

**Service List:**

David A Mucklow
919 E Turkeyfoot Lake Rd #B
Akron, OH 44312

Toby L Rosen
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702

4

14-62333-rk    Doc 22    FILED 11/13/14    ENTERED 11/14/14 10:11:19    Page 4 of 4