**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 04:29 PM June 1, 2015**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| | ) | |
| SHON D. GOODMAN, | ) | CASE NO. 14-62333 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

    Creditor Applied Energy Products & Sales, Inc. ("Applied Energy") filed an objection to confirmation on December 10, 2014 and the court scheduled an evidentiary hearing for March 9, 2015. On February 27, 2015, the parties jointly filed a motion requesting the court to rule on a threshold legal issue. The court continued the evidentiary hearing and entered a briefing schedule. The threshold issue is now before the court for decision.

    The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the order of reference, General Order 2012-7, dated April 4, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L). In accordance with 28 U.S.C. § 1409, venue in this district and division is proper.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## FACTS

The parties filed a joint stipulation of fact on March 17, 2015, which the court adopts in its entirety by reference. (Jt. Stip. Facts, ECF No. 58) For ease, the court will restate the salient facts.

Debtor is the sole member of SAG Construction LLC ("SAG") and ISG Property Management LLC ("ISG"). SAG's account with Applied Energy was in default, resulting in demand letters issued on March 22, 2013 and April 18, 2013.

On April 24, 2013, SAG transferred two parcels of real property, bearing addresses 305 Bedford Avenue NW, Canton, Ohio ("Bedford") and 2233-16th Street NE, Canton, Ohio ("16th Street"), to ISG. Debtor executed the deed. On May 20, 2013, Applied Energy filed a lawsuit against SAG in the Stark County Court of Common Pleas on the overdue account. Multiple unsuccessful service attempts were made to no less than four different addresses[1] but ultimately, Applied Energy served SAG at an address and in a manner that was not returned.[2] SAG did not answer or otherwise appear in the lawsuit. The state court issued a default judgment of $36,190.23, plus statutory interest and court costs, against SAG on October 25, 2013.

On January 27, 2014, Applied Energy filed a second state court lawsuit, this time against SAG, ISG and Debtor, alleging fraudulent transfers of real property. SAG filed an answer. On August 28, 2014, the state court issued a default judgment against SAG, ISG and Debtor, jointly and severally. The order provided:

> It is therefore ordered that the fraudulent transfer of Parcel No. 02-11442, more commonly known as 305 Bedford Ave., N.W., Canton, OH 44708, from Defendant SAG to Defendant ISG, shall be voided and said real estate shall be sold to satisfy Plaintiff's judgment against SAG in the Stark County Court of Common Pleas Case No. 2013CV013698;

> It is additionally ordered that the fraudulent transfer of Parcel 02-12624, more commonly known as 2233 – 16th St., N.E., Canton, OH 44705, from Defendant SAG to Defendant ISG, shall be voided and the real estate shall be sold to satisfy Plaintiff's judgment against Defendant SAG in the Stark County Court of Common Pleas Case No. 2013CV013698.

---

[1] On SAG's Corporation Details web page provided by the Ohio Secretary of State, the Agent/Registration information lists 1818 Thackeray Ave NW, Massillon, OH 44646. The actual documents filed with the State, however, show 1814 Thackeray Ave NW, Massillon, OH 44646 as the proper address. Applied Energy used the 1814 address in the caption of the state court complaint and also served SAG at the 1814 address. On or about May 28, 2013, the certified mail sent to 1814 Thackeray was returned as "Return to Sender, Unable to Forward."

[2] Regular mail service was sent to 3902 Beech Hill Road NW, North Canton, Ohio. With the exception of "NW," this is the address listed for SAG on Applied Energy's invoices. The court does note that Applied Energy's first attempt to serve SAG at this address via certified mail was returned.

(Jt. Stip. of Fact, Ex. 16, ECF No. 58-1)

On August 29, 2014, the day after the above entry was issued, ISG transferred Bedford and 16th Street to Debtor by quit-claim deed, again executed by Debtor.

Defendants in the second state court lawsuit filed a 60(b) motion on August 29, 2014. The state court denied the motion on September 24, 2014.

Debtor filed a chapter 13 case on October 24, 2014. The petition indicates he owns Bedford and 16th Street. Applied Energy is listed as an unsecured creditor on Schedule F. In his plan, he proposes to surrender the 16th Street property and retain the Bedford property. He lists several liens against the Bedford property but does not reference any interest in Bedford by Applied Energy. Applied Energy objected to confirmation, arguing neither Bedford or 16th Street are property of the estate.

## **DISCUSSION**

Through the plan, Debtor asserts an ownership interest in Bedford and 16th Street,[3] which Applied Energy challenges. According to Applied Energy, the judgment in the second state court lawsuit voided the transfer from SAG to ISG, thereby placing ownership back in SAG. The subsequent transfer from ISG to Debtor was a nullity because ISG had no interests to grant to Debtor. Applied Energy argues that Rooker-Feldman bars this court from reviewing those state court decisions. As a result, Debtor has no interests in the property to retain in his chapter 13 plan. Debtor disagrees, arguing that the first state court judgment was void ab initio for lack of jurisdiction, leaving it open to review. When it is declared void, Debtor contends the second judgment fails as well.

The purpose of the Rooker-Feldman doctrine is to restrict a federal court from reviewing state court decisions. Durham v. Haslam, 528 Fed.App'x 559, 563 (6th Cir. 2013) (citations omitted); 28 U.S.C. § 1257. Thus, the doctrine "prevents litigants from collaterally attacking final state court orders by filing new federal claims." Rugiero v. DiNardo (In re Rugiero), 502 Fed.App'x 436, 438 (6th Cir. 2012) (citing Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 274, 292 (2005)). Application of Rooker-Feldman is limited and

> is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. Rooker–Feldman does not otherwise override or supplant preclusion doctrine or augment the circum- scribed doctrines that allow federal courts to stay or dismiss pro- ceedings in deference to state-court actions.

---
3 Debtor seeks to surrender 16th Street, leaving Bedford as the main focus of this inquiry.

3

Exxon Mobil Corp. v. Saudi Basic Ind. Corp., 544 U.S. 280, 284 (2005). As synthesized by the Sixth Circuit,

> federal district courts lack jurisdiction over two types of cases originating in state court: (1) cases where appellate remedies have been exhausted in state court and issues raised and decided in the state courts are presented to the federal district courts for reconsideration; and (2) cases where the federal claims asserted turn so directly on state court judgments that the federal district courts must review the state court judgments to resolve the federal claims.

Johnson v. Ohio Supreme Court, 156 Fed.App'x 779 (6th Cir. 2005) (citing Exxon Mobil, 544 U.S. 274, 279-80).

The source of the injury is a key consideration in determining if Rooker-Feldman applies. Reguli v. Guffee, 371 Fed.App'x 590 (6th Cir. 2010) (unreported) (citing McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006)). When an independent claim is involved, even if it challenges the underlying conclusion in the state court judgment, a federal court can exercise jurisdiction. Reguli, 371 Fed.App'x 590, 595 (citing McCormick, 451 F.3d at 393). Looking at the injury here, Debtor claims that Applied Energy violated his due process rights, failing to properly serve the complaint in the first state court action. The court is unpersuaded by this argument, which discounts the second state court judgment and mischaracterizes the claim asserted in this court.

Although Debtor suggests there was no claim to support the second judgment, the court disagrees. The complaint clearly alleges, in paragraph eight, that SAG owed money to Applied Energy for purchases. (Jt. Stip. of Facts, Ex. 14, ECF No. 58-1). Ohio's Uniform Fraudulent Transfer Act defines claim as "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." O.R.C. § 1336.01(C). Applied Energy alleged a claim irrespective of the first state court judgment. Debtor therefore cannot rely on alleged defects in the first state court case to leap frog over the judgment in the second state court case. Additionally, Debtor was not a party to the first state court action and was therefore not injured by it. Consequently, the court rejects Debtor's argument that the due process violations resulting in entry of the first state court judgment are the source of his injury.

Moreover, the court is not convinced that the due process violation is the claim brought by Debtor in this case. In the plan, Debtor asserts an ownership interest in the properties in defiance of the state court decrees that voided the transfer from SAG to ISG and ordered the property sold for Applied Energy's benefit. This ownership assertion is the claim asserted in federal court. Confirmation of the plan would all but nullify the state court decisions that preceded this bankruptcy case because it would permit Debtor to retain the Bedford property.

These facts correlate with the Rooker-Feldman test used by other courts: "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state-court judgment; (3) the plaintiff invites the district court's review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced." Gunn v. Ambac Assur. Corp., 2012 WL 3188849, *2 (S.D.N.Y. 2012) (citing Hoblock v. Albany Cnty. Bd. of Elections, 422 F.3d 77, 85 (2nd Cir. 2005)). Debtor's success on his ownership claim hinges on this court disregarding the state court judgment(s). These judgments are the source of his injury and removed the property from his control. Consequently, the court finds that Rooker-Feldman does apply to prevent this court from reviewing those judgments.

As discussed above, Debtor complains that the state court did not obtain personal service of SAG in the first state court action, thereby depriving it of jurisdiction. His arguments that the judgment was "based upon insufficient, incorrect and constitutionally defective notice and due process" are direct challenges to the state court judgment inviting review. (Debtor's Resp., p. 2, ECF No. 60) Debtor contends this review is possible, citing Singleton v. Fifth Third Bank (In re Singleton), 230 B.R. 533 (B.A.P. 6th Cir. 1999) and Lake v. Capps (In re Lake), 202 B.R. 751 (B.A.P. 9th Cir. 1996)). Neither is persuasive.

Singleton is a pre-Exxon Mobil case that does not involve any question of a state court's lack of personal jurisdiction. In that case, the debtor filed a state court action to stop the foreclosure of property owned by his corporation. The state court denied the relief and the debtor then turned to the bankruptcy court and filed an adversary. The Bankruptcy Appellate Panel found that Rooker-Feldman barred the adversary action. Singleton at 537. Debtor relies on a statement in Singleton, taken out of context, that cites Lake, 202 B.R. 751. In Lake, decided almost a decade prior to Exxon Mobil, creditors obtained a default judgment against the debtors, before they filed bankruptcy, related to a real property investment. When Debtors filed a chapter 7 case, the creditors filed a nondischargeability complaint. The central issue was collateral estoppel, specifically whether the bankruptcy court could vacate a California state default court judgment procured through fraud. Lake at 756.

Although the Sixth Circuit has identified the Rooker-Feldman doctrine as "conceptually similar" to res judicata, the former focuses on the subject matter jurisdiction of the federal court. Neff v. Flagstar Bank, FSB, 520 Fed.App'x 323, 376 (6th Cir. 2013); Hutcherson v. Lauderdale Cnty., Tenn., 326 F.3d 747, 755 (6th Cir. 2003). At a base level, the necessary inquiry is whether this court has the power to consider Debtor's claim in light of a state court judgment. Preclusion doctrines, on the other hand, are affirmative defenses consider the effect of those judgments on subsequent claims. Debtor's arguments are acutely telling as to which applies on these facts.

Finally, courts have rejected Debtor's argument that Rooker-Feldman does not apply when the underlying state court judgment may be void. Houston v. Queen, 2015 WL 1064375 (5th Cir. 2015) (reporter citation not yet available) (stating "Neither this Court nor the Supreme Court has endorsed this exception . . . .") (citing Schmitt v. Schmitt, 324 F.3d 484, 487 (7th Cir. 2003)); Skit Int'l, Ltd. v. DAC Tech. of Ark., Inc., 487 F.3d 1154 (8th Cir. 2007); Anderson v.

5

Private Capital Grp., Inc., 549 Fed.App'x 715, 717-18 (10th Cir. 2013). As the Houston court acknowledges, the "void ab initio exception" has been applied in certain bankruptcy contexts, none of which the court finds applicable here. Those cases generally involve action that usurps or limits a bankruptcy court's authority in its domain. *See* Hamilton v. Herr (In re Hamilton), 540 F.3d 367 (6th Cir. 2008); In re Hunt, 424 B.R. 340 (E.D. Tenn. 2010); In re Mayer, 451 B.R. 702 (E.D. Mich. 2011).

The state court judgments at issue here did not impact this court's authority. There is no dispute that this court has subject matter jurisdiction of the case under 28 U.S.C. § 1334 and exclusive jurisdiction over property of the debtor and the estate under § 1334(e). What constitutes property of the estate is determined by looking at Ohio law. The judgments at hand will therefore be relevant in determining property of the estate. Debtor asserted ownership of two parcels of real property based on deeds recorded with the county recorder in his name. Thus, the records in existence indicate that, at a minimum, Debtor has legal title to the parcels. The central issue is whether he also holds the equitable interest, or whether that is excepted from property of the estate. 11 U.S.C. § 541(a)(1), (d).

For these reasons, the court finds that Applied Energy has demonstrated that Rooker-Feldman applies on these facts. The court does not have subject matter jurisdiction to review and reject the state court judgments.

A separate order finding in favor of Applied Energy on this threshold question will be issued immediately.

#   #   #

**Service List:**

Shon D Goodman
305 Bedford Avenue N.W.
Canton, OH 44708

David A Mucklow
919 E Turkeyfoot Lake Rd #B
Akron, OH 44312

Eugene Roytberg
Krugliak, Wilkins, Griffiths & Dougherty Co., LPA
4775 Munson St., N.W.
P.O. Box 36963
Canton, OH   44735-6963

6

Toby L Rosen, Trustee
400 W Tuscarawas St
Charter One Bank Bldg, 4th Floor
Canton, OH 44702

7